IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLIFTON EUGENE JOHNSON,

    Plaintiff,

v.                                                 Civil Action No. **3:15CV100**

NURSE PORTER,

    Defendant.

## MEMORANDUM OPINION

Clifton Eugene Johnson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] In his Particularized Complaint ("Complaint," ECF No. 19), Johnson contends that Defendant Nurse Porter denied him adequate medical care during his incarceration in the Riverside Regional Jail ("RRJ"). The matter is before the Court on the Motion to Dismiss filed by Defendant Porter. (ECF No. 27.) Johnson has responded. For the reasons stated below, the Court will GRANT Defendant Porter's Motion to Dismiss.

### I.     STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing

2

statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF ALLEGATIONS

In his Complaint, Johnson alleges that Defendant Porter denied him adequate medical care, in violation of the Eighth Amendment,[2] when she failed to check his blood sugar on one occasion on December 21, 2014. Johnson alleges:[3]

> At 8:00 p.m. on 12-21-2014, it was announced diabetic call. . . . When the Pod Officer Jarman left out he came back [and] I told him I need to go, so he took me out his self because he knows I go every night. I told him it's low because the last time I checked it at 4:00 PM it was high, 443, [and] I took 14 units regular which is a fast reaction. When I got up front to the unit control where the diabetic call was being held, Nurse Porter said I was not on her list at night. I tell her that Dr. Stairs had change[d] me to 4 times a day on 10-19-14 . . . . Sgt Armistead overheard the conversation and told her that Mr. Johnson comes out every night, I know he's on the list to get his shot or check. Ms. Porter still said I only get check twice a day. She still deprived me of medical attention. I know my sugar was low because I took 14 units of regular 4 hours ago and I was shaking, sweating, and I was weak. . . . She also stated that she has to go by what's in the computer system. . . .
>
> On December 22, 2014, I went to the diabetic call at 5:30 a.m. I ask Nurse manning to give me a copy of my medical sheet to show how many times I get check[ed] and she gave me a copy and I have it showing 4 times daily, 5:30 a.m., 10:00 a.m., 4 p.m., 8 p.m. by Dr. Stairs. . . .
>
> By me being a[n] insulin dependent diabetic, I should never be denied to because of my health. That's cruel and unusual punishment. Since I been here, I always get check at least 3 times daily, never twice.

(Compl. 1–2.) Johnson fails to identify what relief he seeks.

---

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the punctuation, spelling, capitalization, and adds paragraph formatting in the quotations from the Complaint.

3

## III. ANALYSIS

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

In the context of delayed medical care, the objective-prong analysis does not end there. In addition to demonstrating that a medical need that was objectively serious, a plaintiff must also establish that the delay in the provision of medical care "'resulted in substantial harm.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)); *see Webb v. Hamidullah*, 281 F. App'x 159, 165 (4th Cir. 2008). "[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Shabazz v. Prison Health Servs., Inc.*, No. 3:10CV190, 2012 WL 442270, at *5 (E.D. Va. 2012) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically

5

necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Moreover, "[i]t may not be seriously contended that any prisoner detained for however short a period is entitled to have all his needed elective medical care performed while in custody . . . ." *Kersh v. Bounds*, 501 F.2d 585, 589 (4th Cir. 1974).

While Johnson fails to articulate precisely in his Complaint what "check" Defendant Porter denied him, from his Response to the Motion to Dismiss, the Court discerns that he believes that Defendant Porter denied him an 8:30 p.m. blood sugar level check for his diabetes. Johnson argues that the medical department was supposed to check his blood sugar level four times a day, but that Nurse Porter indicated to Porter that he was not on her list for the evening.

Johnson fails to allege facts to satisfy the objective prong of the Eighth Amendment. First, while diabetes and the failure to treat that condition certainly could result in sufficiently serious harm under the Eighth Amendment, Johnson fails to allege any such injury here. To the contrary, Johnson does not allege facts indicating that Defendant Porter failed to provide him any treatment for his diabetes. Instead, he argues that she failed to check his blood sugar level. Johnson fails to allege facts indicating that he suffered any injury, much less a serious or significant physical or emotional injury, from Defendant Porter's failure to check his blood sugar on one occasion at 8:30 p.m. on December 21, 2014. *See Strickler*, 989 F.2d at 1381. In his Complaint, Johnson alleges that prior to the 8:30 p.m. blood sugar check, he "was shaking, sweating and [he] was weak." (Compl. 1.) However, in his Response, Johnson explains:

> Earlier that day at 4 p.m. my blood sugar level was a 443, which is extremely high. I almost could've [gone] into a diabetic coma. Which I believe is a life threatening situation. At 4 p.m., I took 14 units of regular units of insulin. Which made me bottom out quickly. That's why I was shaking and sweating convulsively. . . . I had nothing to eat at that time, so I had to wait until 8 p.m. for diabetic call to get my snack bag from Officer Sgt. Armstead.

6

(Resp. 2, ECF No. 29.) Thus, Johnson's allegations of injury derive from the treatment for his high blood sugar and his receipt of insulin four hours earlier, and, apparently, his need to eat to raise his blood sugar, not from any action or inaction of Defendant Porter. *See, e.g., Campbell v. Powers*, No. 4:07–3972–HFF–TER, 2009 WL 2614936, at *6 (D.S.C. Aug. 25, 2009) (treating low blood sugar by providing food or glucose). Johnson's allegation that he "almost could've gone into a diabetic coma" is purely speculation and not an event that came to fruition, and also relates to his medical treatment earlier in the day, not from any inaction of Defendant Porter.

Johnson also alleges no injury from the delay in having his blood sugar checked. Instead, Johnson states that he had his blood sugar level checked the following morning at 5:30 a.m. and he does not allege that he suffered any adverse effects from the approximately twelve-hour delay. *See Mata*, 427 F.3d at 751. Thus, he fails to allege facts indicating that the delay in the blood sugar check itself caused him substantial harm. *See Webb*, 281 F. App'x at 166. Because Johnson alleges no injury from Defendant Porter's actions, he fails to satisfy the objective prong of the Eighth Amendment. *Cf. Arbuckle v. Ahern*, No. C–12–3076 EMC (pr), 2014 WL 2038316, at *4 (N.D. Cal. May 16, 2014) (finding no deliberate indifference when inmate failed to demonstrate any harm from four missed blood sugar checks). Accordingly, Johnson fails to state an Eighth Amendment claim for relief.

## IV. CONCLUSION

Accordingly, the Motion to Dismiss (ECF No. 27) will be GRANTED. Johnson's claim and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6-9-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge